In re VAUGHN'S GUARDIANSHIP.
FARRIS et al. v. WITCHER.

No. 33248. Oct. 2, 1951.

*239 P. 2d 403.*

Prairie Oil Company by Farris as the guardian of Lemro L. Vaughn. On December 21, 1945, Henry A. Witcher, who was superintendent of Sinclair Prairie Oil Company at their station in Seminole county, filed a petition as a friend of Lemro L. Vaughn to have his mental capacity restored. There can be no question that Witcher was an acquaintance of Vaughn's, but was not moving primarily in Vaughn's behalf. It is also plain to us that this incompetency proceeding was filed in Seminole county for the purpose of having a guardian appointed in order that the case against Sinclair Prairie Oil Company could not be removed to the Federal court. The counsel for the guardian and Mr. Vaughn very ingeniously put this proceeding through.

The county court refused to entertain Witcher's petition to have competency restored, on the ground that Witcher was not a "friend" of Vaughn under the meaning of the statute, Title 58, §854, O.S. 1941. In this regard we do not think that it was necessary that Witcher be a "friend" in the strictest sense of the word in order to file this motion for the restoration of competency, for the reason that he had a right to feel, under the facts and circumstances, that the county court was overreached and that his employer, Sinclair Prairie Oil Company, was being imposed upon, and that some of their rights were being taken away from them; and it is our opinion that any person would have a right, under the circumstances in this case, to petition the court to restore the competency of an alleged incompetent when there was in fact no incompetency existing. Witcher perfected his appeal to the district court, and the district court proceeded to hear evidence in the case, and after hearing the evidence, reversed the action of the trial court in refusing to restore competency and held that the competency of Vaughn should be restored. There was evidence offered by the guardian, Farris, and by Witcher. A reading of that evidence convinces us that Vaughn was not in-

Bishop & Driscoll, Seminole, and Cantrell, Carey & McCloud, Oklahoma City, for plaintiffs in error.

Ralph W. Garrett and I. L. Lockewitz, Tulsa, and A. C. Kidd, Wewoka, for defendant in error.

HALLEY, V. C. J. Ralph W. Farris and Mrs. Lillie Vaughn, sometimes referred to herein as Mrs. Lemro L. Vaughn, acting for themselves and on behalf of the alleged incompetent, Lemro L. Vaughn, brought this action in the county court of Seminole county, Oklahoma, and in an ex parte proceeding said Ralph W. Farris, of the State of Maine (the state in which the Sinclair Prairie Oil Company was incorporated), was appointed guardian of Lemro L. Vaughn, and Mrs. Lillie Vaughn, Vaughn's wife, was made the resident agent of the guardian. Immediately thereafter, on October 2, 1945, a suit was filed in the superior court of Seminole county against Sinclair

440

competent and had not been incompetent, and that the county court of Seminole county was in gross error in refusing to hear Witcher's petition and restore the competency of Vaughn. We find no fault with the conduct of counsel in endeavoring to keep their case in the state court. He might sincerely believe that his client's interests could be better protected in the state court than by having a condition exist whereby it could be removed to the Federal court. We are not concerned with that situation; but we are concerned that the courts of this state shall not be used to take away from any litigant any of the rights that are guaranteed by law, state and federal. The right to remove a case to the Federal court by a nonresident defendant is unquestioned, but if the nonresident guardian and the nonresident defendant both live in the same state, and there would be no diversity of citizenship, the case would have to be remanded to the state court; but the appointment of a nonresident guardian should be in good faith, and it cannot be made unless the ward is really incompetent. If he is not incompetent, a fraud should not be perpetrated upon the courts by having a nonresident guardian appointed for him, when to appoint one would be contrary to the truth and to the facts. It is true in this case that members of Vaughn's family testified that he was incompetent, and that some of his friends also testified that he was, and one psychiatrist who examined him testified that he thought that Vaughn was incompetent, but there were many qualifications to his testimony. However, two other psychiatrists testified for the petitioner Witcher to the effect that in their opinion Vaughn was competent. They were not permitted by counsel for the guardian to examine the ward and alleged incompetent. The psychiatrists who testified for Witcher, although they were not allowed to examine Vaughn, did sit in the courtroom and listen to him testify and observed him around the courtroom; one observed him when he gave a deposition,

and the other when he was testifying in court, and it was their frank opinion that he was competent. The record also shows that after he was declared incompetent, he went to Arkansas alone, purchased land, sold part of it at a profit, built a building, went into the pottery business, made his own bank deposits, and carried on as does any normal individual.

The judgment of the trial court is affirmed.

WELCH, CORN, GIBSON, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.